

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Homer P. Rainey, President
University of Texas
Austin, Texas

Dear Sir:

Opinion O-3068
Re: Authority to use salary
appropriated for persons
performing certain ser-
vices to pay persons
performing other and dif-
ferent services.

This will acknowledge receipt of your letter of January 22, 1941, wherein you ask the opinion of this department upon the following questions:

"1. In effecting transfers of members of the faculty and in the appointment of new members to new positions and other employees to other positions of the same rank, would it be permissible to give the person the title pertaining to the department to which he is being transferred and pay the salary from the appropriation listed under the department from which he is being transferred, where the amount and/or the rate paid does not exceed the amount listed in the appropriation bill. For example, could we use a salary appropriated for an associate professor of Geology to pay an associate professor teaching Government and list him on the payroll as such?

"2. In effecting transfers of members of the faculty and in the appointment of new members to new positions and other employees to other positions where the rank may be changed, would it be permissible to give the person the title and rank pertaining to the position to which he is transferred and pay the salary from the appropriation for the position from which he is being trans-

Hon. Homer P. Rainey, page 2

ferred, where the amount and/or the rate
paid does not exceed the amount listed in
the appropriation bill?  For example, could
we use the salary appropriated for a profes-
sor of Business Administration to pay the
salary of an associate professor of Law and
list him on the payroll as such, and could
we use the salary appropriated for an in-
structor in Chemistry to pay the salary of
an assistant professor of Pharmacy and list
him on the payroll as such? "

An essential function of an appropriation is to set
apart a certain sum of money to be used for a certain purpose
and for no other purpose.  It follows that a salary appropriated
for one purpose may not be used for another purpose in the ab-
sence of authority from the Legislature to do so.

The only provision of House Bill No. 255, Chapter 8 of
the Special Laws passed by the 46th Legislature containing the
appropriations for the institutions of higher learning in this
State for the biennium ending August 31, 1941, to which you point
as containing a possible authority from the Legislature to do
this, is that provision which is found on pages 444 and 445 of
the Special Laws of the 46th Legislature, reading as follows:

"It shall be the duty of the head of any
institution or agency to transfer members
of the faculty or other employees of the
institution to any other position than
those which such employees are now filling
when necessary to increase the effective-
ness and efficiency of the service or busi-
ness affairs of the institution or agency."

The authority to transfer a member of the faculty or an
employee of the institution to another and different position
from that which he presently occupies is not equivalent to the
authority to transfer apppropriations.  The quoted provision

of the appropriation bill makes it the duty of the head of the institution to transfer the particular individuals to other positions than those which they presently fill when necessary to increase the effectiveness and efficiency of the operation of the affairs of the institution, but no authority is conferred, expressly or by implication, in this provision to use salaries appropriated for one purpose for another and different purpose. To take the examples which you give in your questions, a salary appropriated for an associate professor of Geology may be used to pay the salary only of a person who performs the duties of an associate professor of Geology, and may not be used to pay the salary of a person who performs the duties only of an associate professor teaching Government. The same observation applies to your example concerning the use of the salary appropriated for a professor of Business Administration to pay the salary of an associate professor of Law, and the use of the salary appropriated for an instructor in Chemistry to pay the salary of an assistant professor of Pharmacy.

It follows that both of your questions must be answered in the negative.

We are not unmindful of the force of the arguments which you advance suggesting the need of the freedom to be conferred upon your institution to make such changes. Such arguments, however, present considerations of policy the determination of which is not the prerogative of this department, but that of the Legislature.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED FEB 3, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

By

Richard W. Fairchild
Assistant

RWF:EP

APPROVED FEB 3, 1941

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN